**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:14-CV-728**

| | |
|---|---|
| KARANGIANNOPOULOS, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| CITY OF LOWELL, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motions to Dismiss and For Sanctions (Doc. No. 7) pursuant to FRCP Rule 12(b)(6) and Rule 11. These Motions were filed on January 22, 2015 after Plaintiff filed her Complaint (Doc. No. 1) claiming "fraud on the court" and conspiracy by Defendant's counsel, the Clerk of Court, and Hon. Frank D. Whitney for alleged actions in 2005 and 2006, all of which have been raised and argued in numerous motions and appeals filed during the pendency of a 2005 lawsuit between the same parties.

## I. BACKGROUND

Plaintiff initially sued Defendant in 2005 in this Court (*Karagiannopoulos v. City of Lowell,* 3:05-cv-401) alleging that she was discriminated against when The City of Lowell prohibited her attempts to utilize her property for uses outside then-current restrictions, due to her Hispanic race. (*See* Doc. No. 1). During pendency of that lawsuit, Plaintiff raised by multiple motions the factual allegations that form the basis of her instant claims. (*See, e.g.*, Doc. Nos. 8, 33, 48, 49). The motions were denied on the merits. (*See, e.g.*, Doc. Nos. 14, 37, 50). Judge Whitney granted Summary Judgment for the Defendant on June 13, 2008. (Doc. No. 91). Over the course of the suit, Plaintiff appealed three time to the Fourth Circuit Court of Appeals. (*See,*

*e.g.*, Doc. Nos. 31, 93). The Fourth Circuit upheld the Judge Whitney's rulings and denied the appeals. (*See, e.g.,* Doc. No. 96). Plaintiff's petition for certiorari to the United States Supreme Court was not granted. (U.S.S.Ct. docket 09-105).

In September 2011, Plaintiff subsequently sought further relief from this Court on the same matter, again filing multiple motions. (*See, e.g.*, Doc. Nos. 99, 101). On December 13, 2011, this Court denied the motions and warned Plaintiff that any further filings of frivolous motions in this matter would result in a pre-filing review order pursuant to Federal Rule of Civil Procedure 11. (Doc. No. 104). Four years later, on December 31, 2014, Plaintiff filed this Complaint (3:14-cv-00728, Doc. No. 1). Since then, Plaintiff has filed a Motion to Recuse Judge Mullen (Doc. No. 3)[1], a Motion to Change Venue (Doc. No. 6), a Motion for Summary Judgment (Doc. No. 11), and a Motion to Amend her Motion to Change Venue (Doc. No. 12). She also filed an "alert to Court of Defendant's covert-plot to dictate and manipulate it's ruling" (Doc. No. 19). On March 12, 2015, Plaintiff filed "Second Motions" for her Motion to Recuse Judge Mullen and Motion to Change Venue. (Doc. No. 20). Finally, Plaintiff filed a Motion to Amend her "Second Motions." (Doc. No. 23).

## II. LEGAL STANDARD

When faced with a Rule 12(b)(6) motion to dismiss generally, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged]

---

[1] The Court takes notice of Plaintiff's Motion to Recuse Judge Mullen, and for other reasons stated herein finds it spurious and farcical.

is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

When considering a Rule 12(b)(6) motion to dismiss asserting claim preclusion, also referred to as the doctrine of *res judicata*, the Court must determine whether the Plaintiff is barred from bringing the action at hand. *Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such party of any legal theory, cause of action or defense which could have been asserted in that action." *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009). The test for determining whether *res judicata* bars the claim at hand is "whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.2d 156, 162 (4th Cir. 2008) (citing *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). For the purposes of *res judicata,* an action is considered the same as a prior action when the new claim requests the same relief and raises the same set of material facts. *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990); *see also Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir. 1984).

The doctrine of *res judicata* contains three requirements that must be met in order for a claim to be barred by prior action: (1) a prior judgment must have been rendered by a court in accordance with due process of law; (2) the respective parties in each action must be identical; and (3) the current claim(s) must be based upon the same action(s) encompassed in the former

litigation. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003); *Aliff*, 914 F.2d at 42; *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

When considering a complaint filed *pro se*, the court must hold it to "less stringent standards than formal pleadings drafted by lawyers," and it "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* litigant must still plead "more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). The rules of generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Godfrey v. Long*, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

The court has the power to impose filing restrictions and other sanctions on plaintiffs who repeatedly file frivolous motions and complaints. *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *see also* Fed. R. Civ. P. 11. "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. The court has discretion in applying restrictions, and cannot completely foreclose a given plaintiff's access to the court. *See id.* In determining whether a pre-filing injunction is substantively warranted, a court must weigh the following factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the

party's filings; and (4) the adequacy of alternative sanctions. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004).

### III. DISCUSSION

#### A. Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

Defendant files its Motion to Dismiss on the basis of failure to state a claim upon which relief can be granted, including claim preclusion. (Doc. No. 7 at 1). Defendant alleges Plaintiff's Complaint rehashes the same arguments and factual allegations that Plaintiff alleged in a complaint first filed against the Defendant over ten years ago. The Court takes judicial notice of the filings submitted by Plaintiff during the pendency of her previous case, (3:05-cv-401).[2] This Court fully adjudicated the case and the judgment was affirmed by the Fourth Circuit Court of Appeals. Thus, for the reasons stated in the Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, it is clear the three requirements of the doctrine of *res judicata* have been satisfied. (Doc. No. 7, 8). The Court agrees with Defendant that *res judicata* bars the instant action. As a result, the motion must be granted and Plaintiff's complaint dismissed.

#### B. Motion for Sanctions Pursuant to FRCP Rule 11

Defendant requests the Court to consider sanctions, pursuant to Federal Rules of Civil Procedure 11, against Plaintiff for her continued filings on matters related to her original 2005 suit. (Doc. No. 8 at 10). On December 13, 2011, the Court warned Plaintiff that any further filing of frivolous motions would result in a pre-filing review order. (3:05-cv-401, Doc. No. 104 at 4). Plaintiff demonstrates her awareness of the Court's warning in her Motion to Recuse, in which

---

[2] A court may "consider official public records, [and] documents central to plaintiff's claim . . . . without converting the motion into one for summary judgment . . ." *Witthon v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006).

she quotes the exact language of the warning and calls it an "ominous threat." (Doc. No. 3 at 3). Plaintiff's continued filings related to her 2005 claims have served to hinder the judicial economy and efficiency of the court. They have also caused needless expense and burden to Defendant. Furthermore, the Court's 2011 warning has not altered Plaintiff's conduct. The only conclusion the Court can draw is that Plaintiff cannot accept that her claims are extinguished, and will continue to file actions regarding them without any reasonable expectation of prevailing. Therefore, Plaintiff is enjoined from filing actions related to the claims in her 2005 suit, *Karagiannopoulos v. City of Lowell*, (*see* 3:05-cv-401). Plaintiff must submit her filings for the Court's review and obtain the Court's approval before she will be permitted to file them.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 7), is **GRANTED**. Defendant's Motion for Sanctions, (Doc. No. 7), is also **GRANTED**. Plaintiff's Complaint is **DISMISSED**, and Plaintiff is **ENJOINED** from filing any documents or separate actions related to the claims in *Karagiannopoulos v. City of Lowell*, (3:05-cv-401). Plaintiff must first submit any such filings to the Court and obtain its prior approval before she will be allowed to file them.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's motions in this case are **DENIED** as **MOOT**. The Clerk of Court is respectfully directed to send a copy of this order to the Plaintiff and close this case.

**SO ORDERED.**    Signed: July 17, 2015

Graham C. Mullen
United States District Judge